## CITY OF NORMAN et al. v. BOWERS et al.

No. 22524.   Opinion Filed Jan. 19, 1932.

Clayton B. Pierce, Fred M. Mock, and T. B. Rucker, for petitioners.

Murrah & Bohanon and M. F. Boddie, for respondents.

McNEILL, J. This is an original action to review an award of the State Industrial Commission. The respondent, J. W. Bowers, while in the employment of the city of Norman sustained an accidental personal injury arising out of and in the course of his employment. Compensation payments were made by petitioners shortly after the accident and the same were continued to be paid at the rate of $8 per week, until the award was entered herein on the 28th day of May, 1931, which required the petitioners to pay at the rate of $12.31 per week.

Petitioners contend that under the provisions of the Workmen's Compensation Law the rate of compensation which they had been paying is the proper rate of compensation. The record disclosed that respondent began working for the city of Norman about eight years ago. For six years he was a steady employee, receiving $120 per month. About two years ago, a change was made in respondent's employment with said city, and his work with the city has not been altogether continuous, but the record indicates that respondent was employed continuously for more than a year preceding the receipt of his injury, which was on September 8, 1930. The award entered herein, in part, is as follows:

"Now, on this 28th day of May, 1931, the State Industrial Commission * * * makes the following findings of fact;

"(1) That on the 6th day of September, 1930, the claimant was in the employment of said respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date sustained an accidental injury arising out of and in the course of his employment.

"(2) That the average daily wage of the claimant at the time of said accidental injury was $3.20 per day.

"(3) That by reason of said accident, the claimant has been temporarily totally disabled from the performance of ordinary manual labor from the date of the accident of September 6, 1930, to May 28, 1931, and is still temporarily totally disabled from the performance of ordinary manual labor, and that it is too early to determine his permanent partial or total disability.

"Upon consideration of the foregoing facts: The Commission is of the opinion that the claimant is entitled to compensation computed from September 6, 1930, to May 28, 1931, at the rate of $12.31 per week, a total of three weeks and five days, in the sum

of $416.49, and that compensation should be continued at the rate of $12.30 per week until otherwise ordered by the Commission."

Petitioners contend that it was error for the Commission to make an award basing compensation on a rate which will yield to an employee a greater income than he would have received had he not been injured, and state in their brief that there is presented two outstanding facts as follows:

"First: At the rate of $12.31 per week, the rate of compensation fixed by the Commission in its award, the employee will recover, as compensation, 52 times that amount, or $640.12, as compensation for one year's disability.

"Second: The amount which he actually earned, from all sources, during the year preceding his accident, was only $589.40."

It is also their contention that the respondent's average annual earnings should be arrived at by applying subdivisions 3 and 4 of section 7289, C. O. S. 1921.

It is the contention of respondent that the Commission could apply subdivision 1 or subdivision 2, section 7289, C. O. S. 1921, as a basis for compensation in this case, and that there was sufficient evidence to justify the finding of the Commission that the average daily wage received at the time of the injury was $3.20 per day; that this was a question of fact for the determination of the Commission and is binding upon this court when there is any competent evidence to support such finding.

Petitioners state in their brief that the amount actually earned by the respondent, J. W. Bowers, from all sources, "during the year preceding the accident, was only $589.-40." The testimony on this point is not as definite and full as should have been developed. It does not show the amount the respondent actually earned from all sources during the year, but there is evidence in the record that the respondent worked substantially the whole of the year immediately preceding the accident at common labor and received therefor daily wages of $3 to $5, and for most of that period of time his wages were at the rate of $3.20 per day. The Commission's finding that his average daily wage was $3.20 is supported by the evidence. This is a question of fact for the determination of the Commission, and the same is binding on the court, when there is any competent evidence reasonably tending to support the same. Southland Gasoline Co. v. Bowlin, 152 Okla. 117, 3 Pac. (2d) 663. As the respondent was employed for substantially the whole of the year preceding the accident, his average annual earnings should be determined as provided in subdivision 1 of section 7289, C. O. S. 1921, and would consist of 300 times his average daily wage. If the respondent had not worked for substantially the whole of the year preceding the accident, then his average annual earnings should be arrived at by applying subdivision 2 of said section 7289, supra, and the same would consist of 300 times the average daily wages of an employee of the same class working for substantially the whole of such immediately preceding year. The evidence shows that other employees of the same class working in the same locality received daily wages of $3.20.

Said subdivisions of said statute are as follows:

"I. If the injured employee shall have worked in the employment in which he was working at the time of the accident, whether for the same employer or not, during substantially the whole of the year immediately preceding his injury, his average annual earning shall consist of 300 times the average daily wage or salary which he shall have earned in such employment during the days when so employed.

"2. If the injured employee shall not have worked in such employment during substantially the whole of such year, his average annual earnings shall consist of 300 times the average daily wage or salary which an employee of the same class, working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or neighboring place, shall have earned in such employment during the days when so employed.

"3. If either of the foregoing methods of arriving at the annual average earnings of an injured employee cannot reasonably and fairly be applied, such annual earnings shall be such sums as, having regard to previous earnings of the injured employee and of other employees of the same or most similar class, working in the same or most similar employment in the same or neighboring locality, shall reasonably represent the annual earning capacity of the injured employee in the employment in which he was working at the time of the accident.

"4. The average weekly wages of an employee shall be one-fifty-second part of his average annual earnings."

In this case the average weekly wages of the respondent should be determined by multiplying his average daily wages by 300 and dividing that result by 52. It is immaterial whether or not respondent worked the entire year next preceding the accident for the city of Norman and that he only

drew $429.40 from said city during said year. In determining the average weekly wages of the injured employee at the time of the injury, it is necessary for the Commission to view all the facts and circumstances as furnishing a basis for such determination.

Counsel for petitioners have cited a number of authorities from the state of New York as supporting their contention. An examination of these authorities, however, shows they are not applicable to the case at bar. These cases in the main deal with employment of brick-layers and others whose employment was not continuous.

From an examination of this record, we are of the opinion that the award of the Commission should be, and the same is hereby affirmed, and that the rate of compensation as fixed by the Commission in the instant case comes under subdivision 1 of section 7289, C. O. S. 1921.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur.