## HATCH v. COHEN et al.

No. 29854.    May 27, 1941.

Rehearing Denied Oct. 14, 1941.

117 P. 2d 782.

A. A. Hatch and Harry Seaton, both of Tulsa, for plaintiff in error.

Max G. Cohen, of Tulsa, for defendants in error.

RILEY, J. Plaintiff in error was plaintiff below. The parties will be referred to herein in the same relation as in the trial court.

Plaintiff commenced this action in the district court of Tulsa county. Her petition contains two causes of action. In the first cause of action she sought to have quieted title to a certain lot described as: "Lot 1, Block 1, Peoria Acres subdivision of the City of Tulsa, Oklahoma, according to the recorded plat thereof."

Plaintiff claimed title by virtue of a deed from the chairman of the board of county commissioners of Tulsa county; she attached a copy of the deed, which shows that it is a deed for property acquired by the county at resale.

In her second cause of action plaintiff sought possession of the lot in question.

Defendants Max G. Cohen and Louis Caplin filed an answer, an amended answer and cross-petition. Therein they alleged that defendant Cohen was the owner of said real estate and that Caplin was a mortgagee under a mortgage executed by Cohen. In their answer, defendants assailed the title of plaintiff in that they alleged the county had never acquired good title by the resale deed because of certain defects in the proceedings appearing from the record.

Defendants offered and tendered payment of taxes, penalties, and costs, stated in the offer to be $149.48. Thereupon, plaintiff, asserting that the sum tendered was not sufficient, moved the

court to require defendants to tender the full amount of taxes, interest, penalties, and costs, as shown by a certified statement of the county treasurer attached to plaintiff's motion. Plaintiff then stated in open court that such tender, if made, would be accepted. Thereupon, defendant Cohen paid into court the sum of $197.84, which it appears was the correct amount of taxes, penalties, interest, and costs necessary to redeem the property. At the same time, defendants moved for judgments in their favor upon the pleadings and alleged acceptance of the tender by plaintiff.

When the matter came on for hearing, the court held plaintiff to her acceptance of the tender made in open court and entered judgment canceling plaintiff's deed and directed the court clerk to pay out the money deposited; $45, the consideration stated in the plaintiff's deed, with interest thereon at 6 per cent from date of sale, to plaintiff and the balance to the county treasurer for disposition as the law requires.

Plaintiff excepted to the ruling of the court, and appeals.

There is no claim that the court erred in canceling the deed.

The question presented is whether plaintiff was entitled to receive all the money paid into court representing the taxes, penalties, interest, cost of sale, etc.

The exact question does not appear to have been before this court. But in principle, the question is decided in the case of Schuman v. Board of County Com'rs of Muskogee County, 184 Okla. 339, 87 P. 2d 151. Therein it is held:

"Where the county purchases property at tax resale, the lien for the delinquent taxes for which the property was sold is thereby canceled, and the purchaser of such property by deed from the board of county commissioners, which deed is void on its face, obtains no equitable assignment of the 'tax lien' of the county."

It is also held:

"Where S. purchased property from the county which it had acquired at a tax resale, and was given a commissioner's deed therefor, . . . and the deed is declared void by the court, *held*, the purchaser, not being guilty of bad faith or default, is entitled to a vendee's lien in equity on the property involved to the extent of the amount of money expended for its purchase."

That indicates clearly the extent to which the purchaser is allowed a lien, not to the extent of taxes, penalties, interest, costs, etc., but to the extent of the money expended for purchase of the lien.

In this case, instead of a lien, the money is deposited to reimburse the purchaser, and there was no occasion for declaring a lien. The amount expended for the purchase was $45; that amount, with interest, the court allowed plaintiff.

She was not entitled to the entire amount of taxes, penalties, and interest. Plaintiff does contend that in addition to the $45 and interest thereon, she is entitled to be reimbursed for the cost of advertising, cost of deed and recording same. The record shows that the lot here involved was sold, or at least conveyed, to plaintiff along with another tract.

Section 2, art. 16, chap. 66, S. L. 1935, among other matters, provides:

"The cost of said advertisement and other expense incident to said sale, as now provided by law, shall be apportioned to the respective tracts listed in said sale and shall be added to the sale price of said estate as a separate and additional charge and shall be paid by the purchaser, in addition to the amount bid upon said real estate."

The record in this case does not disclose the amount of plaintiff's bid for the lot here involved. The deed shows, and the court so found, plaintiff paid $45 for this lot. She made no effort at the trial to show that the cost of advertising, etc., was not included in the $45. The presumption is that it was. The law presumes that the county treasurer complied with the law, and the deed so indicates. It recites that the purchaser had made full tender in cash in hand for the amount bid and in addition the separate

and additional charge accrued by reason of costs of said sale.

There being no substantial error, the judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN and DAVISON, JJ., concur.