GRAHAM v. ARLEDGE et al.

No. 30084. Sept. 15, 1942.

*129 P. 2d 75.*

W. A. Barnett, of Okmulgee, for plaintiff in error.

L. A. Wallace, of Okmulgee, for defendants in error.

ARNOLD, J. This is an action brought by Emma Eviline and Frederick Arledge, wife and husband, to cancel a resale tax deed to Okmulgee county and a commissioners' deed from the board of county commissioners of Okmulgee county to Alice B. Graham and to quiet title to the property.

Martha H. Jordan was the owner of the property involved herein. In 1919, after the approval of the county court, the guardian of Emma Eviline Arledge, then a minor, made a loan of $1,500 to Martha H. Jordan, secured by a mortgage on said property. Emma Eviline Arledge was the granddaughter of Martha H. Jordan. In 1933 Martha H. Jordan died. At the time of the death of the grandmother, mortgagor, there was a balance due on this loan; all of the heirs of Martha H. Jordan orally agreed that Emma Eviline Arledge should have this property. She went into possession of said property in 1934,

and she, her husband, Frederick Arledge, and their children have since that time occupied such property as their home.

In 1939 the property was advertised for resale for taxes for the years 1929 to 1937, inclusive. At the sale no one bid on this property and it was sold to Okmulgee county. Although the property was included in the notice of resale, the name of the record owner was not shown therein. Thereafter, in October, 1939, Frederick Arledge, the husband of the fee owner at the time of resale, made a written offer of purchase of said property from the county. As required by law, the property was advertised for sale, and at the sale Alice B. Graham being the highest and best bidder, it was sold to her for $100. On December 4, 1939, a commissioners' deed was issued to her.

On December 31, 1939, the heirs of Martha H. Jordan executed and delivered a quitclaim deed conveying all their interest in said property to Emma Eviline Arledge. The estate of Martha H. Jordan had not been probated; however, no contention was made below or now made here that the grantors in said deed were not all the heirs of the said Martha H. Jordan. On March 29, 1940, Emma Eviline Arledge filed an application for homestead exemption as to this property.

In their petition the defendants in error, Emma Eviline and Frederick Arledge, tendered into court the full amount of the taxes, interest, penalty, and costs, and on order of the court paid to the court clerk the sum of $261.84, the full amount thereof. It was stipulated at the trial that $261.84 was the full amount of said taxes, interest, penalty, and costs, including the 1938 and 1939 taxes.

At the opening of the trial Alice B. Graham tendered and apparently delivered her quitclaim deed in open court to the property, which was accepted by the Arledges; at the same time she announced that she did not wish to contest the title to the proper-

ty. The county commissioners at the trial admitted the invalidity of the tax proceedings. Thereupon argument was heard by the court concerning the apportionment of the money tendered by the Arledges; thereafter testimony concerning the offer of Frederick Arledge to purchase the property from the county commissioners and the advertisement and sale thereof was introduced by Mrs. Graham in support of the allegation in her answer that defendants in error were estopped to deny her title. She also introduced testimony as to the value of services rendered by her counsel in the defense of this litigation and the other expenses of the action. At the close of all the testimony and after the court had heard argument thereon, Mrs. Graham attempted to withdraw her tender of quitclaim deed to the property involved. The Arledges objected to the withdrawal of the tender and the court sustained their objection, to which ruling of the court Mrs. Graham excepted. On this appeal Mrs. Graham makes no issue on this question, nor does she attempt to answer the proposition thereon briefed by the defendants in error.

Under the state of this record Mrs. Graham is bound by her tender and should have been divested of her alleged title to the property. This being true, the only question remaining to be decided by this court is the division of the amount paid in representing the amount of accrued taxes, interest, penalty, and costs.

The trial court entered judgment canceling both deeds, quieted title in Emma Eviline and Frederick Arledge, and directed that $105 be paid over to the plaintiff in error and the balance, less the costs of the action, be paid to the county treasurer of Okmulgee county. The amount directed to be paid to Mrs. Graham represented the amount she paid for the property plus costs of advertising the same for sale by the county commissioners, and interest.

On this appeal the apportionment of $261.84, representing the amount of accrued taxes, penalty, interest, and costs, is not questioned. These funds were apportioned in substantial compliance with the rule enunciated in Hatch v. Cohen, 189 Okla. 461, 117 P. 2d 782. Under this rule and the state of this record, said apportionment should be and is confirmed.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur. GIBSON, J., specially concurring. RILEY, J., absent.

GIBSON, J. (concurring specially).

I concur in the majority opinion in so far as it affirms the judgment of the trial court in apportioning to the plaintiff in error such part of the moneys deposited in court by the defendants in error as reimbursed her for the money paid for the county commissioners' deed, with interest.

The correctness of the trial court's judgment in its apportionment of the remainder of said sum so deposited is not presented by the appeal, and I express no opinion thereon.