**PAWHUSKA AUCTION COMPANY and Maryland Casualty Company, Petitioners,**

v.

**George M. COCHRAN and the State Industrial Court, Respondents.**

**No. 43723.**

Supreme Court of Oklahoma.

June 2, 1970.

**452**

Robert J. Boone, Rex D. Brooks, Oklahoma City, for petitioners.

Marx Childers, Oklahoma City, G. T. Blankenship, Atty. Gen., for respondents.

BLACKBIRD, Justice:

This is an original proceeding to review an award entered by the trial judge, and affirmed by the State Industrial Court en banc, allowing the respondent, George M. Cochran, claimant below, temporary and permanent disability benefits under the provisions of the Oklahoma Workmen's Compensation Act.

The parties will be referred to as they appeared before that court.

The award fixed the compensation rate of claimant at the statutory maximum of $40.00 per week, and allowed him that rate for a period of forty-six weeks and one day, on account of temporary total disability, and the same rate for thirty-five weeks on account of permanent partial disability.

Respondent's principal contention on review is that the Industrial Court erroneously calculated claimant's compensation rate and that his applicable rate should have been $16.67 per week instead of the maximum of $40.00 per week.

Respondent owns and operates a public livestock auction yard. Claimant was working as a "ring man", sorting and selling cattle in the sales ring when he was injured on February 16, 1968. He was kicked on the right knee by a cow, causing injuries to his right leg.

Claimant testified that he has worked for the respondent about ten years on Friday of each week and was paid $25.00 for that one day's work each week, and that this is the customary rate of pay for this type of work in the community. He did no other work for the respondent for which he received compensation.

In outlining the method for determining the average weekly wages of an employee, 85 O.S.1961, § 21, provides:

"Except as otherwise provided in this act, the average weekly wages of the injured employee at the time of the injury shall be taken as the basis upon which to compute compensation and shall be determined as follows:

"1. If the injured employee shall have worked in the employment in which he was working at the time of the accident whether for the same employer or not, during substantially the whole of the year immediately preceding his injury, his average annual earnings shall consist of three hundred times the average daily wages or salary which he shall have earned in such employment during the days when so employed.

"2. If the injured employee shall not have worked in such employment during substantially the whole of such year, his average annual earnings shall consist of three hundred times the average daily wage or salary which an employee of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place shall have earned in such employment during the days when so employed.

"3. If either of the foregoing methods of arriving at the annual average earnings of an injured employee cannot reasonably and fairly be applied, such annual earnings shall be such sum as, having regard to the previous earnings of the injured employee and of other employees of the same or most similar class, working in the same or most similar employment in the same or neighboring locality, shall reasonably ·represent the annual earning capacity of the injured employee in the employment in which he was working at the time of the accident.

"4. The average weekly wages of an employee shall be one fifty-second part of his average annual earnings."

It is apparent that in fixing claimant's compensation rate at $40.00 per week, the Industrial Court must have attempted to apply the provisions of either subsection 1 or 2 above. Claimant was a part-time employee and worked only fifty-two days in each year. We have held that where the work of the employee during the year prior to the injury is part-time, subsections 1 or 2 "cannot reasonably and fairly be applied", and that the wages of the employee should be determined under the provisions of subsection 3, supra. Winrock Farms v. Elred, Okl., 446 P.2d 265; Safeway Stores v. Mauk, Okl., 275 P.2d 987.

85 O.S.1961, § 21(4), provides that "The average weekly wages of an employee shall be one fifty-second part of his average annual earnings." Claimant testified that his annual earnings received from respondent are $1,300.00. One-fifty-second of $1,300.00 is $25.00. 85 O.S.1961, § 22(1) and (2), provide for the payment of compensation for both total and permanent disability on the basis of sixty-six and two-thirds per cent of the employee's average weekly wages. Applying this formula to the average weekly earnings of the claimant, his compensation rate for both temporary and permanent disability should be $16.-66⅔, instead of the $40.00 allowed by the State Industrial Court. Said court's order fixes claimant's compensation at a rate of $15.00 more than his average weekly earnings of $25.00 per week during the year prior to his injury. Such rate cannot be fairly and reasonably applied in determining the amount of compensation due claimant.

The award allows claimant temporary total compensation until January 5, 1969, a period of forty-six weeks and one day from the date of his injury. The undisputed medical evidence reflects that his Dr. G found claimant had reached "maximum * * * healing" and that no "further medical" was "indicated", on December 18, 1968. Claimant was therefore entitled to compensation for no more than forty-three weeks and four days (instead of forty-six weeks and one day) on account of his temporary total disability.

The award of the State Industrial Court is vacated and this cause is remanded to said court with directions to determine claimant's award as herein indicated.

All the Justices concur.