J. C. PENNEY COMPANY and the Travelers Insurance Company, Petitioners,

v.

Alice L. JACOBSON and the State Industrial Court, Respondents.

No. 43854.

Supreme Court of Oklahoma.

Oct. 6, 1970.

Henry W. Nichols, Jr., Watts, Looney, Nichols & Johnson, Oklahoma City, for petitioners.

Marx Childers, Oklahoma City, G. T. Blankenship, Atty. Gen., for respondents.

LAVENDER, Justice:

There is involved here for review an award of the State Industrial Court increasing the amount of temporary total compensation and allowing the respondent, claimant below, partial permanent disability to the left leg. Parties will be referred to as they appeared before the State Industrial Court.

Claimant slipped on a piece of ice and twisted and injured her left knee while employed as a salesclerk by the respondent, J. C. Penney Company. The jurisdiction of the State Industrial Court, the occurrence of the accident, and the extent of disability are admitted.

The sole contention of respondents on review is that the State Industrial Court erred in fixing claimant's compensation rate and erroneously applied the provisions of 85 O.S.1961 § 21 subsection 2 in determining the compensation rate.

The evidence is undisputed that the employment of the claimant was part-time and irregular. She worked whenever the respondent called her. During the year 1966 the claimant worked approximately forty-seven days. She received $1.25 per hour when she worked, which was the customary pay received by salesclerks in Alva, Oklahoma, during the year 1966. Claimant earned the total sum of $359.33 during the year 1966.

The State Industrial Court in its order finds:

"That claimant was a casual employee of respondent and had not worked in such employment during substantially the year preceding said accidental personal injury; but that claimant's *earning capacity* was sufficient to establish claim-

ant's compensation rate at $38.46 per week."

Counsel for the claimant in his brief states:

" * * * It is obvious that the trial judge used method 2 of Sec. 21 of Title 85 to arrive at this figure. * * * "

85 O.S.1961 § 21 subsection 2 provides:

"If the injured employee shall not have worked in such employment during substantially the whole of such year, his average annual earnings shall consist of three hundred times the average daily wage or salary which an employee of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place shall have earned in such employment during the days when so employed."

Counsel for the claimant argues that the trial judge accepted the evidence that salesclerks working in the same community earned not less than $1.25 per hour for an eight hour day. He says that the trial judge figured the daily wage to be $10.00 and then:

" * * * using and applying Title 85 Sec. 21 Method 2 multiplied the daily wage by 300 and divided the same by 52 to get the earning capacity of Alice Jacobson, the claimant herein, which would be $57.69 and in taking two thirds of this amount he found the correct compensation rate to be $38.46 per week."

The fallacy in the argument of counsel for claimant is that this court has held in several cases that where the work of the employee is part-time and the employee works only a small fraction of the year prior to the injury, 85 O.S.1961 § 21 subsection 2 "cannot reasonably and fairly be applied" and the wages of the employee of the employer should be determined under the provisions of 85 O.S.1961 § 21 subsection 3. Pawhuska Auction Company v. Cochran (1970), Okl., 471 P.2d 451; Win-

rock Farms v. Elred (1968), Okl., 446 P.2d 265; Safeway Stores, Inc. v. Mauk (1954), Okl., 275 P.2d 987.

The award of the State Industrial Court is vacated and cause remanded to said court with directions to determine the amount of the award of the claimant in a manner not inconsistent with this opinion.

All of the Justices concur.