Alice Marie HOWARD, Petitioner,

v.

METHODIST NURSING HOME, Self-Insurors Management Group, and Workers' Compensation Court, Respondents.

No. 72106.

Court of Appeals of Oklahoma, Division No. 2.

July 5, 1989.

Rehearing Denied July 31, 1989.

Certiorari Denied Dec. 19, 1989.

Fred L. Boettcher, Boettcher & Brune, Ponca City, for petitioner.

Rose M.J. Sloan, Oldfield & Coker, Oklahoma City, for respondents.

REIF, Presiding Judge.

Claimant appeals from an award of benefits for a job-related injury to her left knee. She assigns error by the trial court in determining the rate of compensation and in finding only eleven percent permanent partial disability. Claimant argues that the proper rate of compensation should be $118.52 per week, as opposed to $102.67 per week as reflected in the order. The sum of $102.67 is approximately sixty-six and two-thirds of Claimant's actual weekly wage, while $118.52 is sixty-six and two-thirds of the "average weekly wage" obtained by applying 85 O.S.1981 § 21(1) and (4), to Claimant's evidence concerning her work schedule and rate of compensation. With regard to the issue of permanent par-

tial disability, she argues that Employer's medical expert did not give a basis for his opinion of five percent impairment; therefore, her doctor's opinion of twenty-five percent was the *only* competent evidence in this regard.

■ Claimant testified she worked eight hours per day on a schedule of four days on/two days off, earning $3.85 per hour. She worked substantially the whole year immediately preceding her injury. Under section 21(1), her average annual earnings would be 300 times her average daily wage or $9,240, while her average weekly wage under subsection 21(4) would be one fifty-second of $9,240 or $177.69. Employer argues section 21(1) "cannot reasonably and fairly be applied," because the total number of days Claimant worked in a year was considerably less than 300 and her *actual* previous earnings fell very short of $9,240. Employer asserts the trial judge properly based Claimant's annual earnings on her "annual earning capacity" under subsection 21(3).

In *City of Norman v. Bowers*, 154 Okl. 200, 201, 7 P.2d 482, 483–84 (1932), the employer city argued that an award computed under subsection 21(1) was erroneous because it based "compensation on a rate which will yield to an employee a greater income than he would have received had he not been injured," and urged application of subsection 21(3) in such a case. The supreme court rejected these propositions squarely holding: "As [the claimant] was employed for substantially the whole of the year preceding the accident, his average annual earnings should be determined as provided in subdivision 1 ... and would consist of 300 times his average daily wage." The court directed that the average weekly wage "should be determined by multiplying his average daily wages by 300 and dividing that result by 52."

Clearly, the pivotal question in applying the provisions of section 21 is whether the claimant was engaged in the employment for substantially the whole year immediately preceding his or her injury. Additionally, the supreme court has chiefly held that

subsections 21(1) and 21(2) "cannot reasonably and fairly be applied" in cases involving part-time, irregular, or casual employment, and in those cases subsection 21(3) is applicable. *See J.C. Penney Co. v. Jacobson,* 475 P.2d 391, 392 (Okla.1970).

Accordingly, the trial court's award is erroneous as a matter of law with regard to the rate of compensation for permanent partial disability. Applying 85 O.S.1981 § 21(1) and (4), to Claimant's evidence, reveals that the proper rate of compensation is $118.52 per week.

There is no merit, however, to Claimant's attack on the trial court's finding of eleven percent permanent partial disability. The report of the medical expert offered by Employer and Insurance Carrier reflects substantial compliance with Rule 20 and the AMA *Guides,* and adequately explains the basis for the doctor's opinion that the five percent impairment present in Claimant's left knee was due to pre-existing arthritis. Because the trial court's award was within the range of competent medical evidence, it cannot be disturbed on appeal. *Goombi v. Trent,* 531 P.2d 1363, 1366 (Okla.1975).

The award of benefits with regard to the rate of compensation for permanent partial disability is vacated, and the cause is remanded with directions to determine the proper amount consistent with this opinion.

AFFIRMED IN PART, VACATED IN PART AND REMANDED WITH INSTRUCTIONS.

MEANS and STUBBLEFIELD, JJ., concur.