**Juanema JONES, Petitioner,**

v.

**SHATTUCK CONVALESENCE/AMITY CARE COMPANY and the Workers' Compensation Court, Respondents.**

**No. 73623.**

Court of Appeals of Oklahoma, Division No. 3.

May 1, 1990.

Fred L. Boettcher, Walt Brune, Ponca City, for petitioner,

W. Jeffrey Dasovich, Oklahoma City, for respondents.

## MEMORANDUM OPINION

### ADAMS, Judge:

Injured in a slip and fall on the job, Juanema Jones received temporary total disability and permanent partial disability benefits. She appeals claiming only that the Workers' Compensation Court erred in basing her benefits upon her actual weekly wage, rather than following 85 O.S.1981 § 21(1). If Jones' benefits are calculated using subsection (1), she receives $96.68 per week, rather than the $83.76 ordered. The present award of benefits appears to be based upon her actual daily wage multiplied by her average five-day work week.

85 O.S.1981 § 21, subsections (1), (2), and (3) provide the exclusive methods for determining average annual earnings for benefit calculations. *Eagle Picher Mining & Smelting Co. v. Lamkin*, 189 Okla. 463, 117 P.2d 519 (1941). These methods for determining average annual earnings must be used in the order desig-

nated by the legislature. If (1) is not applicable, the court must use (2). Subsection (3) is reserved for those class of cases not covered by (1) or (2), where neither can be fairly and reasonably applied. *Eagle Picher Mining & Smelting Co. v. Lamkin*, 117 P.2d at 521.

Subsection 1 provides:

If the injured employee shall have worked in the employment in which he was working at the time of the accident whether for the same employer or not, during substantially the whole of the year immediately preceding his injury, his average annual earnings shall consist of three hundred times the average daily wage or salary which he shall have earned in such employment during the days when so employed.

When an employee worked at the same job, even if for more than one employer, for *substantially* the whole year before injury, the daily wage is multiplied by 300. *Burkan Oil v. Notley*, 488 P.2d 1277 (Okla. 1971).

Subsection 2 provides:

If the injured employee shall not have worked in such employment during substantially the whole of such year, his average annual earnings shall consist of three hundred times the average daily wage or salary which an employee of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place shall have earned in such employment during the days so employed.

If the employee has *not* worked at the same job for *substantially* the whole year, benefits must be calculated using the average daily earnings for employees in the community in the same class of employment.

Subsection 3 provides:

If either of the foregoing methods [subsections 1 or 2] of arriving at the annual earnings of an injured employee cannot reasonably and fairly be applied, such annual earnings shall be such sum as, having regard to the previous earnings

of the injured employee and to other employees of the same or most similar class, working in the same or most similar employment in the same or neighboring locality, shall reasonably represent the annual earning capacity of the injured employee in the employment in which he was working at the time of the accident.

Generally, subsection 3 applies where employment is seasonal, irregular, or part-time, or when injury occurs very shortly after the employment begins. *Winrock Farms v. Eldred,* 446 P.2d 265 (Okla.1968).

Jones claims that she had worked at her employment, housekeeping, for substantially the whole of the year prior to her injury. At trial, Jones testified she worked part-time from May 11, 1988 until "somewhere between the last day of June and the middle of July." She worked full time, averaging 5 days per week, from that date until her injury on November 6, 1988. Neither party presented any other evidence concerning the nature or length of her employment in the one year period preceding the injury.

■ Arguing from this same evidence, the employer claims the trial court properly found that subsections (1) and (2) could not be fairly and reasonably applied, and determined the benefit rate under subsection (3). We note the trial court did not indicate which subsection was used to calculate the rate, and heard no evidence concerning the earning capacity of the injured employee, or of others working in the same or similar employment in the same or similar locality, other than the wages earned by Jones.

■ Employer argues that it is unfair to apply subsection (1), and by implication subsection (2), because the average annual earnings reached by that application (300 × daily wage) is more than the amount which Jones would have earned had she worked for an entire year (260 × daily wage). This is the sole basis advanced by the employer, and which could, under the uncontroverted evidence, support the trial court's implicit application of subsection (3).

Such an argument has been rejected previously in *National Zinc Co. v. Turinetti,* 192 Okl. 75, 133 P.2d 877 (1943), *City of Norman v. Bowers,* 154 Okl. 200, 7 P.2d 482 (1932) and more recently in *Howard v. Methodist Nursing Home,* 783 P.2d 978 (Okl.App.1989). The fact that computing average annual earnings under subsections (1) or (2) yields a result in excess of the actual annual earnings of the employee is not a basis for concluding subsections (1) or (2) cannot be fairly and reasonably applied. There is no competent evidence supporting the trial court's apparent application of subsection (3) in this case.

■ Jones urges us to follow the lead of *Howard* and rule that as a matter of law, subsection (1) should be applied. In *Howard,* Division 2 of the Court of Appeals noted the employee "worked substantially the whole year immediately preceding her injury." In *March v. Construction Specialties,* 783 P.2d 983 (Okla.App.1989) this Court ruled subsection (1) applied because the parties stipulated the claimant had worked for substantially the whole of the year prior to his injury. We cannot so find on this record. As the Supreme Court held in *Safeway Stores v. Mauk,* 275 P.2d 987 (Okl.1954), the question of which of the three subsections of 85 O.S.1981 § 21 should apply is usually a mixed question of law and fact. Whether a claimant has worked in the necessary employment "during substantially the whole of the year immediately preceding his injury is a question of fact." *Safeway Stores v. Mauk,* 275 P.2d at 990. The trial court made no finding on this issue. On this record, we cannot conclude which subsection, (1) or (2), is applicable.

The trial court's application of subsection (3) in determining the benefit rate is contrary to law and unsupported by any competent evidence. The portion of the trial court order setting benefits for permanent partial disability at $83.76 weekly is vacated, and the cause is remanded with directions to determine a proper benefit amount applying either subsection (1) or subsection (2) consistent with this opinion.

VACATED IN PART and REMANDED WITH INSTRUCTIONS.

HANSEN, P.J. and BAILEY, J. concur.