2008 OK CIV APP 47

### NORMAN REGIONAL HOSPITAL, Petitioner,

v.

### Terri L. HEAROLD and The Workers' Compensation Court, Respondents.

No. 104,454.

Court of Civil Appeals of Oklahoma, Division No. 3.

March 28, 2008.

M. Dan Caldwell, Angela D. Thompson, Caldwell, Russell & Thompson, P.C., Oklahoma City, OK, for Petitioner.

John Sprowls, John Sprowls Law Office, Pauls Valley, OK, for Respondent.

BAY MITCHELL, Vice–Chief Judge.

¶ 1 Employer Norman Regional Hospital seeks review of an order of the three-judge panel of the Workers' Compensation Court, which increased the trial court's award of temporary total disability compensation (TTD) to Claimant Terri L. Hearold from $378.22 per week to $528.00 per week. Because Claimant had received TTD compensation at an incorrect rate of $354.72, the panel's finding required an additional $9,980.93 TTD payment. Employer contends the rate of $528.00 per week is contrary to law. We find the panel applied an incorrect statutory method to calculate Claimant's average weekly .wages. We thus vacate the panel's order and reinstate the trial court's TTD award.

¶ 2 The method for establishing a claimant's average weekly wages at the time of the injury is set forth in 85 O.S.2001 § 21, which provides in relevant part:

1. If the injured employee shall have worked in the employment in which he was working at the time of the accident whether for the same employer or not, *during substantially the whole of the year immediately preceding his injury,* his average annual earnings shall consist of *two hundred sixty times the average daily wage or salary* which he shall have earned in such employment during the days when so employed.

2. If the injured employee shall not have worked in such employment during substantially the whole of such year, his average annual earnings shall consist of two hundred sixty times the average daily wage or salary which an employee of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place shall have earned in such employment during the days when so employed.

3. *If either of the foregoing methods of arriving at the annual average earnings of an injured employee cannot reasonably and fairly be applied,* such annual earnings shall be such sum as, having regard to the previous earnings of the injured employee and of other employees of the same or most similar class, working in the same or most similar employment in the same or neighboring locality, shall reasonably represent the annual earning capacity of the injured employee in the employment in which he was working at the time of the accident.

4. The average weekly wages of an employee shall be one fifty-second (1/52) part of his average annual earnings.

85 O.S.2001 § 21 (emphasis added).

¶ 3 Section 21 provides the exclusive method for calculating a claimant's compensation rate, and the statute must be applied in the order designated by the Legislature. *Eagle Picher Mining & Smelting Co. v. Lamkin,* 1941 OK 132, ¶ 5, 189 Okla. 463, 117 P.2d 519, 521; *Wal–Mart Stores, Inc. v. Switch,* 1994 OK 59, ¶ 3, 878 P.2d 357, 358. Subsection (3) can only be utilized when neither subsections (1) nor (2) can be fairly and reasonably applied. *Lamkin,* ¶ 5, 117 P.2d at 521. Subsection (3) has been applied where the employment is seasonal, irregular, or part-time. *Winrock Farms v. Eldred,* 1968 OK 149, ¶ 14, 446 P.2d 265; *Jones v. Shattuck Convalesence/Amity Care Co.,* 1990 OK CIV APP 32, ¶ 5, 792 P.2d 96, 98.

¶ 4 Determining which of the subsections in § 21 applies to calculate a claimant's average weekly wage is a mixed question of law

and fact. *Safeway Stores, Inc. v. Mauk,* 1954 OK 287, ¶ 9, 275 P.2d 987, 990. The question of whether a claimant has worked "during substantially the whole of the year immediately preceding his injury" is a question of fact, but deciding which subsection of § 21 applies is a question of law. *Id.* Questions of law, of course, are reviewed *de novo. Clayton v. Fleming Co's., Inc.,* 2000 OK 20, ¶ 11, 1 P.3d 981, 984.

¶ 5 The facts in this case were mainly undisputed. Claimant had been employed by Norman Regional for three years at the time she injured her hand. She routinely worked a twelve-hour shift, three days per week. Claimant's normal shift was seven a.m. to seven p.m., and her normal pay was $13.61 per hour. Her hourly rate, however, varied depending on the hours and days that she worked. Both parties introduced Claimant's payroll records from the year prior to her accident as evidence of her wages, and agreed Claimant's gross earnings from that year were $28,096.38. Claimant also testified that her average rate of pay was $15.11.[1]

¶ 6 Based on this testimony, the trial court determined Claimant's wages were sufficient to establish TTD at a rate of $378.22 per week. The court apparently applied § 21(3), basing Claimant's average weekly wage on her gross earnings from the year prior to her injury.[2] The three-judge panel vacated this finding, and presumably applied subsection (1) to award TTD in the amount of $528.00 per week.[3] Significantly, applying § 21(1) results in an annual wage for Claimant of $39,223.60 to $47,143.20, depending on the average rate of pay utilized by the trial court. However, it was *undisputed* that Claimant's gross earnings in the year prior to the accident were only $28,096.38. The large differ-

ence is explained by the fact that Claimant routinely worked a *twelve-hour shift,* only three days per week. However, subsection (1) uses a multiplier of 260, which is based on an assumption of a standard eight-hour day and five-day work week.[4] Because Claimant worked twelve hours per day, her average daily rate is 1.5 times greater than it would have been if she had worked a regular work week of eight hours per day and five days per week. When this average daily rate is then multiplied by 260 days even though she only worked 156 days, the discrepancy in the average annual wage from what she actually earned the prior year is further magnified.

¶ 7 Employer contends subsection (1) cannot be fairly and reasonably applied in this situation because it results in a much higher average weekly wage and annual wage than Claimant actually received. We agree. In *Jones v. Shattuck Convalesence/Amity Care Co.,* 1990 OK CIV APP 32, ¶¶ 9–10, 792 P.2d 96, 98, the Court of Civil Appeals rejected a similar argument. However, the claimant in *Jones* worked full time, averaging five days per week. *Id.,* ¶ 1, 792 P.2d at 97. In *Jones,* the difference in income from applying subsection (1) and subsection (3) was approximately $13 per week, or less than $700 for the year. *Id.; see also City of Norman v. Bowers,* 1932 OK 9, 154 Okla. 200, 7 P.2d 482 (average weekly wage should have been calculated using subsection (1) even though it resulted in higher yearly income by approximately $50). The disparity between the actual wages earned and the wages calculated using subsection (1) was not so great in these cases that subsection (1) could not be reasonably and fairly applied.

¶ 8 Here, by contrast, the panel's application of subsection (1) results in an $11,000 to

---

1. Gross earnings divided by total hours = average rate of pay.

2. $28,096.38 divided by 52 multiplied by 70% = $378.22 TTD. *See* 85 O.S.2001 § 22(2)(c).

3. Claimant testified that her average rate of pay was $15.11 per hour. Multiplied by twelve hours, her average daily rate would be $181.32. Thus, the calculation under subsection (1) would be as follows: 260 multiplied by $181.32 divided by 52 multiplied by 70% = $634.62. However, Claimant admitted the maximum TTD rate at the time of her injury was $528.00 per week. This

calculation results in a yearly rate of $47,143.20, approximately $19,000 more than Claimant made in the year prior to her injury. Even if the trial court used the minimum daily wage rate that would still result in a TTD rate of $528.00 ($150.86 daily), Claimant's yearly wage rate would be $39,223.60. This is still $11,000 more than Claimant made in the year prior to her injury.

4. 52 weeks per year multiplied by 5 days per week = 260 days per year.

$20,000 difference in wages. In addition, in neither of these cases were the hours irregular, so that the daily wage was multiplied by more than eight hours. Because of Claimant's irregular work schedule, subsection (1) cannot be "reasonably and fairly" applied, and the three-judge panel erred in applying this subsection to calculate TTD. We vacate the panel's order, and reinstate the trial court's award of TTD based on subsection (3).[5]

¶ 9 VACATED.

BUETTNER, P.J., concurs, and BELL, J., specially concurs.

¶ 10 The claimant has a valid and persuasive argument because the exact reading of 85 O.S.2001 § 21(1) correctly spells out the theory of her case. We must go beyond the statute and look at legislative intent to interpret the law. Surely, the legislature did not mean for any unjust enrichment. I respectfully concur.

**5.** We note that neither party asserts subsection (2) should have applied, and there was no evidence introduced regarding what an employee in the same locality would have made. Further, Employer stated in its appellate brief that it was "undisputed that Claimant had worked for Petitioner 'during substantially the whole of the year immediately preceding [her] injury.'" Thus, we do not consider whether subsection (2) applies in this case.