This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. **NO. 34,323**

**KEVIN LOPEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Josephine H. Ford, Assistant Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Defendant Kevin Lopez filed a docketing statement appealing from the district court's affirmance of his conviction by bench trial for driving while under the influence of intoxicating liquor (first offense). [DS 2; RP 3, 52] In this Court's notice of proposed disposition, we proposed to adopt the memorandum opinion of the district court and affirm. [CN 1–2] We additionally proposed to conclude that Defendant's due process argument was undeveloped and unpreserved. [CN 3–4] Defendant timely filed a memorandum in opposition. [Ct. App. File, top doc.] We have given due consideration to the memorandum in opposition, and, remaining unpersuaded, we affirm Defendant's conviction.

{2}     As a prefatory matter, we note that a party responding to a proposed disposition of this Court must point out specific errors in fact or law. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). In response to this Court's calendar notice, counsel has provided sixteen pages describing the facts and proceedings. [MIO 1–16] The fact section in the memorandum in opposition is essentially a verbatim reiteration of the fact section from Defendant's docketing statement. [*See* DS 2–18] Counsel has not pointed out whether any of the facts

asserted are contrary to those relied on by this Court in our notice of proposed disposition. This repetition of material that has already been presented to the Court, with no indication as to which parts, if any, contradict the facts relied upon by the district court or this Court or which parts, if any, are responsive to the notice of proposed disposition, is not useful and creates unnecessary work for both this Court and the parties. We request that counsel refrain from this practice in any future pleadings she may file with this Court.

{3}     In his memorandum in opposition, Defendant continues to argue that the verdict was not supported by substantial evidence that Defendant drove under the influence of alcohol and that the conviction violated his constitutional right to due process and a fair trial. [MIO 17; *see also* DS 18] In this Court's notice of proposed disposition, we proposed to adopt the memorandum opinion of the district court regarding Defendant's substantial evidence argument [CN 1–2], and we proposed to conclude that Defendant's due process argument—to the extent it was separate from Defendant's substantial evidence argument—was undeveloped and unpreserved [CN 3–4]. Defendant has not responded to this Court's proposed disposition regarding his due process argument, to the extent it is separate from Defendant's substantial evidence argument; therefore, we conclude that the argument is undeveloped and unpreserved as set forth more fully in our notice of proposed disposition.

**{4}** With regard to Defendant's substantial evidence argument, Defendant has not raised any issues or arguments that were not addressed in our notice of proposed disposition and the district court's memorandum opinion that we proposed to adopt, so we refer Defendant to our responses therein. *See Hennessy*, 1998-NMCA-036, ¶ 24 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{5}** To the extent Defendant argues that the district court erred because Defendant presented evidence that there were other reasons for Defendant's poor performance on the field sobriety tests, including other vehicles' lights and other factors causing distraction, Defendant's injured leg, the cold weather, the distracting noise of traffic, and Defendant's boots [MIO 18–19], we reiterate that conflicting testimony is not a basis for reversal. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts."). Rather, it was

for the district court to weigh the evidence and assess credibility, and we will not engage in a reweighing of the evidence on appeal. *See State v. Apodaca*, 1994-NMSC-121, ¶ 3, 118 N.M. 762, 887 P.2d 756 (stating that the appellate court views the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all reasonable inferences in favor of the verdict); *State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156 ("This court does not weigh the evidence and may not substitute its judgment for that of the fact finder so long as there is sufficient evidence to support the verdict." (internal quotation marks and citation omitted)).

{6}      Likewise, to the extent Defendant argues that he exhibited no signs of mental impairment while driving, notwithstanding his decision to drive five people in a three-person vehicle, and that the risks he took were reasonable in light of the circumstances [MIO 18], we repeat that it was for the district court to weigh the evidence, and we will not re-weigh the evidence on appeal. *See id.* ¶ 17 ("This court does not weigh the evidence and may not substitute its judgment for that of the fact finder so long as there is sufficient evidence to support the verdict." (internal quotation marks and citation omitted)); *see also Rojo*, 1999-NMSC-001, ¶ 19 (stating that the factfinder "is free to reject [the d]efendant's version of the facts").

{7}     Finally, to the extent Defendant argues that the officer's testimony was not credible because he was not a medical professional able to determine if additional tests were necessary and because he incorrectly remembered a few things during his testimony [MIO 19–20], we repeat that it was within the province of the trial court to determine the officer's credibility and weigh the evidence, and we will not re-weigh the evidence on appeal. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the factfinder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay); *Griffin*, 1993-NMSC-071, ¶ 17 (stating that we do not re-weigh the evidence on appeal or substitute our judgment for that of the factfinder).

{8}     Accordingly, for the reasons set forth in our notice of proposed disposition and herein, and for the reasons articulated in the memorandum opinion of the district court, we affirm Defendant's convictions.

{9}     **IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Judge**

6

_____

**J. MILES HANISEE, Judge**