## DEEP ROCK OIL CORP. v. ANTHONY.

No. 22812. Opinion Filed Nov. 22, 1932.

Rehearing Denied Dec. 27, 1932.

Rainey, Flynn, Green & Anderson and M. M. Gibbens, for petitioner.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., and Speakman & Speakman, for respondent.

RILEY, J. The Deep Rock Oil Company, as its own insurance carrier, brings this original action to review an award of the State Industrial Commission in favor of respondent, Charles R. Anthony.

On September 13, 1930, according to the claim of petitioner, and on September 20, 1930, as claimed by respondent, Charles R. Anthony, while in the employ of petitioner, received an accidental injury caused by his foot slipping while descending a ladder on an oil tank, resulting in a sprain of his back, whereby he was incapacitated from work for a period of seven days.

On October 7, 1930, there was filed with the Commission, a stipulation and receipt on form No. 7, signed by the claimant and employer, showing that the injury occurred September 13th; that disability ended September 21st; that claimant returned to work September 22nd; that the period of disability above the five-day waiting period was two days; that claimant's weekly wage was $23.08; that the rate of compensation was $15.39 per week, and that claimant had been paid for the two days the sum of $5.12. The stipulation and receipt, having been presented to the Commission, was approved and the case ordered closed by the Commission October 20, 1930. Claimant returned to work and continued to work until October 28th, at which time he quit voluntarily.

He again returned to work December 17th, and worked until January 31, 1931, at which time he and a number of other employees were laid off on account of a decrease in the amount of work being done.

May 26, 1931, claimant filed with the State Industrial Commission his claim for compensation in which he claimed permanent total disability dating from December ____. 1930. June 26, 1931, he filed his petition to reopen the case in which he alleged that he had been totally disabled since the ____ day of December, 1930, and confined to his bed a major portion of the time since said date; that he was then unable to perform any manual labor and that his physician had advised him that his injuries were permanent. He further alleged:

"That such condition has developed since this cause was closed and for such reason the claimant is entitled to have the same reopened and the extent of his disability finally determined."

Hearing was had, resulting in a finding by the Commission that claimant filed the stipulation and receipt October 7, 1930, and the same was approved on October 20, 1930, and "that claimant has since suffered a change of condition, and that claimant is now and has been at all times since June 26, 1931, the date of filing his motion to reopen, temporarily totally disabled."

Compensation was awarded at $15.39 per week from June 26, 1931, to July 28, 1931, a total of $71.81, and to continue thereafter until otherwise ordered by the Commission and continued medical treatment until otherwise ordered.

Petitioner contends that there is no competent evidence to show a change of condition and no evidence whatever to show that the disability of claimant, if any existed, was due to the accidental injury received September, 1930. In this we think there is merit. It will be observed that the Commission, while finding that there was a change of condition, made no finding whatever that such change of condition was due to the accidental injury upon which compensation was originally based. Claimant himself testified to two or three accidental injuries to his back, one before and possibly one after the one of September, 1930. He also testified to another accidental injury caused by inhaling ammonia or ammonia gas. None of these other accidents was reported to the employer.

One expert witness, Dr. Elliott, a chiropractic doctor, testified that in his opinion the condition of claimant was due to a traumatic injury. An X-ray picture of claimant's spinal column was taken by Dr. Elliott which showed no displacement of the vertebrae. Dr. Elliott, referring to certain conditions which indicated disability, testified:

"Q. You don't know what was the cause of that? A. The only thing I can find that is the probable cause is trauma, the nature of the accident, the history. Q. But there are a number of causes? A. There are a number of causes that could be contributable. Q. There can be other labor and work that could cause that? A. Any abnormal strain that is placed on that position. Q. But there is no sign of any displacement of any of those vertebrae, X1 to X7? A. I couldn't discern any."

Two other expert witnesses could find nothing to indicate any disability. Evidence of disability was very slight, and there is none whatever to show that if any disability existed it was attributable to the accidental injury received in September, 1930. Though the Commission found the claimant was temporarily totally disabled, there was no evidence whatever to fix the time when such temporary total disability began. The Commission arbitrarily fixed the date thereof as June 26, 1931. Claimant testified that he had been unable to perform any manual labor after December, 1930. The records of the company show that he worked and received full pay during all the month of January, 1931. The claim filed by claimant fixed the date of total disability as having commenced December —, 1930. In fact

there was no substantial evidence of total disability, either temporary or permanent.

Under the record the award cannot be sustained. The award is accordingly vacated.

LESTER. C. J., and HEFNER. CULLISON. SWINDALL, ANDREWS. McNEILL, and KORNEGAY. JJ., concur. CLARK, V. C. J., absent.

Note.—See under (1) annotation in 40 A. L. R. 1474; 28 R. C. L. 823; R. C. L. Perm. Supp. pp. 6246, 6247.