BARECO OIL CO. v. SULLIVAN et al.

No. 33570. Oct. 31, 1950.

*223 P. 2d 768.*

Conner, Winters, Lee & Randolph, Gentry Lee, and A. M. Covington, all of Tulsa, for petitioner.

Settle & Monnet and Jack N. Hays, all of Tulsa, for respondent L. C. Sullivan.

Mac Q. Williamson, Atty. Gen., for respondent State Industrial Commission.

ARNOLD, V.C.J. This is an original proceeding brought in this court by Bareco Oil Company, petitioner, to review an award of the State Industrial Commission made by a trial commissioner awarding compensation to respondent L. C. Sullivan.

The commissioner found that respondent, on January 8, 1947, while employed by petitioner and engaged in a hazardous employment, sustained an accidental personal injury arising out of and in the course of his employment consisting of an injury to his back which resulted in a 6 per cent permanent partial disability to his body as a whole and awarded compensation accordingly.

The commissioner correctly found that the written notice provided by statute was not given. He, however, excused the failure to give such notice on the ground that petitioner had actual notice and was not prejudiced by reason of the absence of the statutory written notice. 85 O.S. 1941 §24 provides:

"Notice of an injury for which compensation is payable under this act shall be given to the Commission and

to the employer within thirty days after injury. Such notice may be given by any person claiming to be entitled to compensation, or by some one in his behalf. The notice shall be in writing, and contain the name and address of the employee, and state in ordinary language the time, place, nature and cause of the injury, and be signed by him or by a person on his behalf. . . . The failure to give such notice, unless excused by the Commission either on the ground that notice for some sufficient reason could not have been given, or on the ground that the insurance carrier or employer, as the case may be, has not been prejudiced thereby, shall be a bar to any claim under this act."

Petitioner concedes that the evidence is sufficient to sustain the finding that an accident occurred and that the disability resulting therefrom was as awarded by the commission. Under its single proposition that there is no evidence reasonably tending to support the finding of the trial commissioner excusing the failure to give the written notice, petitioner urges that the verbal notice given to the foreman was ineffective as actual notice because it was not given to one on whom service of process might be made, the petitioner being a corporation, and therefore did not have the effect of placing the burden of showing prejudice on the employer; and that the record shows that prejudice was suffered and the excuse based on the finding to the contrary is without support in the evidence.

The petitioner is a corporation. We said in the case of Transwestern Oil Co. et al. v. Partain et al., 188 Okla. 97, 106 P. 2d 263:

"Where claimant fails to give to the commission and to the employer notice in writing of an injury for which compensation is payable under the Workmen's Compensation Law within 30 days after injury, and seeks to excuse such failure upon the ground that the employer had actual notice of the injury, the claimant must prove that the employer had actual notice of the time, place, nature, and cause of the injury, and if the employer be a corporation, then such actual notice must be to an agent or officer thereof upon whom legal process may be served, or any agent in charge of the business in the place where the injury occurred, or a superintendent or foreman in the place where the injury occurred, and required, in the latter instance, under the rules of the company to report accidental injuries to the employer."

See, also, Southwest Box Co. v. Dampf, 170 Okla. 269, 39 P. 2d 589, and Greis v. Rounseville, 173 Okla. 189, 46 P. 2d 905.

It does not appear that claimant's foreman was a person on whom process might be served. However, the claimant testified that about a week after his fall he told his foreman about this accident and another fall which had occurred to him in the meantime aggravating his injury from the first fall. Mr. Wiley, his foreman, did not remember such a detailed report to him but did recollect the claimant saying something to him about a place on the stairway needing repair. From claimant's testimony it might be reasonably inferred that he detailed the accident as required, that is, he stated to his foreman in ordinary language and general terms "the time, place, nature and cause of the injury." Claimant admitted that he knew Mr. Gregory, the personnel man, was the one who handled accident reports at the refinery. He also admitted that he neither made a report to Mr. Gregory nor asked for treatment or compensation until after his discharge May 5th. He testified that he was supposed to report to his foreman. Mr. Gregory the personnel man, testified that he received no report of the alleged accident but also testified:

"Q. Now to whom are the men supposed to report their injuries—I mean, are they supposed to report these injuries to you? A. Well, the report has to come through me. They can report

to their foreman and he tells me or they tell me."

He further testified that the matter was discussed with him in May. There is no claim that the evidence shows notice to the superintendent until after claim was filed with the commission October 17th.

From the foregoing testimony it reasonably appears that claimant's foreman, Wiley, was a superior employee whose duty it was under the rules of the company to report accidental injuries to the employer. This finding inheres in the order of the commissioner excusing claimant for not having given the required written notice within 30 days on the ground that no prejudice resulted therefrom. Under the rule of the Transwestern Oil Company case, supra, therefore, the petitioner, though a corporation, had actual notice within 30 days of the time and place of the accident and the nature of the injury suffered.

Award sustained.