DE SHAZER et al. v. NAIL et al.

No. 35111.   Nov. 18, 1952.

*250 P. 2d 456.*

Mont R. Powell, Anthony R. Kane, and Sam Hill, Oklahoma City, for petitioners.

Schwoerke & Schwoerke, Oklahoma City, for respondents.

CORN, J.   This is a proceeding by Carl DeShazer and the State Insurance Fund to review an award of the State Industrial Commission awarding compensation to J. T. Nail. Respondent in his claim for compensation states that on February 5, 1950, while engaged in the employ of petitioner DeShazer he sustained an injury and strain in his back resulting in some permanent disability to his person.   The strain occurred while he was engaged in lifting a heavy rock.

The trial commissioner, in substance, found: Respondent on about the 5th day of February, 1950, while engaged in the employ of petitioner DeShazer, and engaged in the course of his employment, sustained an accidental personal injury consisting of a back injury in the nature of a ruptured intervertebral disc; that as a result thereof he was temporarily totally disabled and is in need of medical treatment and surgery. The commissioner further found failure to give his employer DeShazer 30 days written notice of his injury as required by statute should be excused by reason of the fact that he had actual notice thereof and was therefore not prejudiced by failure to receive the written notice.   The commissioner awarded respondent compensation for temporary total disability from February 5, 1950, less the 5-day waiting period, to March 21, 1951, or 58 weeks at $25 per week or a total sum of $1,450. The award was sustained on appeal to the commission en banc.

Petitioners bring the case to this court to review that award.

It is contended by petitioners the finding of the commission that they suffered no prejudice by reason of the failure of respondent to give written notice of his injury and the finding that

the injury sustained constituted an accidental injury are not sustained by competent evidence.

Respondent, in substance, testified that his occupation was that of a stonemason; that on the date he sustained his injury he was engaged by petitioner DeShazer to lay rock on a building he was then constructing and while engaged in that employment he started to lift a rock which weighed from 78 to 85 pounds, and while engaged in lifting the rock he suffered some pain in his back. He dropped the rock and fell to his knees; that it was some time thereafter before he was able to get up; that he then tried to work for the rest of the day but was unable to do so because of the injury to his back; that he then notified petitioner De-Shazer's foreman that he had sustained an injury to his back while engaged in lifting a rock. Shortly thereafter said petitioner appeared on the scene and he likewise so informed him; that petitioner took him to a doctor to have his back X-rayed and continued to furnish him medical treatment. Petitioner at that time advised him that he had insurance to cover his injury, to which respondent replied that he would not immediately claim compensation, that he would rather wait a while and ascertain whether he would recover from his injury; that he would rather work than draw compensation as he could make more money working. He took medical treatment for some time and the treatment did him no good and he thereafter filed his claim for compensation and at the hearing on several occasions agreed to submit to an operation to correct his trouble. Petitioners at that time declined to tender him an operation but stated that if the commission found that the injury was covered by the Compensation Act they would furnish respondent an operation.

We think the above evidence clearly establishes that petitioners could not in any manner have been prejudiced by reason of respondent's failure to give them written notice. They had actual notice of the injury, furnished medical treatment and had every opportunity to make a thorough investigation as to the cause and extent of his disability. Since this finding is abundantly supported by competent evidence, it will not be disturbed on review. Bareco Oil Co. v. Sullivan, 203 Okla. 541, 223 P. 2d 768.

The above evidence also clearly establishes that the injury sustained by claimant constitutes an accidental injury within the meaning of the Workmen's Compensation Act. Gulf Oil Corporation v. Rouse, 202 Okla. 395, 214 P. 2d 251; Special Indemnity Fund v. McFee, 200 Okla. 288, 193 P. 2d 301; Stillwater Milling Co. v. Mott, 200 Okla. 562, 197 P. 2d 966.

It is finally contended by petitioners that there is no competent evidence tending to support the finding of the State Industrial Commission that respondent's injury and resulting disability was caused by the accident sustained by him February 5, 1950. It is asserted that the cause of such injury and disability must be established by testimony of medical experts and that no such evidence has been offered in this case. We think this contention well taken. In Western Good Roads Service Co. v. Coombes, 185 Okla. 599, 95 P. 2d 633, as well as in many other cases this court said:

"Where, in a proceeding before the State Industrial Commission, the disability alleged to exist is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be proved by the testimony of skilled professional persons.

"When medical expert testimony is essential to establish that the disability is a result of an accidental injury, an award of the State Industrial Commission which is not supported by competent medical testimony sufficient to establish as a fact that the disability resulted from an accidental injury, will be vacated."

448

Two physicians who had examined respondent filed reports as to the result of their examinations and conditions found to exist. These reports were received in evidence without objection. Both of these physicians reached the conclusion that respondent was suffering from a herniated disc and recommended further medical treatment and surgery. Neither of said physicians, however, in their report made any mention as to the cause of such condition, nor was anything stated in either of said reports which would justify the commission in assigning to the statements the meaning or intent of the physicians to state that the respondent's condition was caused by the injury sustained on February 5, 1950. The cases cited and relied upon by respondent are therefore not in point.

It is apparent, however, that respondent's failure to establish by proper medical testimony that his injury and resulting disability was caused by the accident sustained on said date was due to an oversight. He should, therefore, in the interest of justice be given an opportunity to reopen the case for the purpose of presenting any evidence he may have to supply such omission.

Award vacated for further proceedings in accordance with the views herein expressed.

HALLEY, V. C. J., and WELCH, GIBSON, DAVISON, O'NEAL, and BINGAMAN, JJ., concur.