MUSKOGEE IRON WORKS, a corporation, Petitioner,

v.

Levi CHATMAN and the State Industrial Commission, Respondents.

No. 36954.

Supreme Court of Oklahoma.

March 27, 1956.

Banker & Bonds, Muskogee, for petitioner.

Garrett & Garrett, Edwin Langley, Muskogee, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

On October 8, 1954, Levi Chatman, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that on May 24, 1954, while employed by Muskogee Iron Works, a corporation, he sustained an accidental injury arising out of and in the course of his employment when he sprained his back. An award was made by the State Industrial Commission for 10% permanent disability to the body as a whole and this proceeding is brought by Muskogee Iron Works, hereinafter called respondent to review the award.

Claimant testified that he was employed as a cleanup man and was removing material from the yard; that he reached down and picked up a chunk of lead weighing approximately one hundred pounds and strained his back. He reported this to his foreman the evening of the same day and was told to report to the timekeeper, Jack Lewis. Claimant reported to the timekeeper the next morning and was sent by him to a physician who treated him a number of times and over a period of several weeks. He lost a few days from the employment and was paid his full wages during the period. On August 17, 1954, he was discharged. Thereafter he worked for Midwest Chevrolet at Tulsa but had to quit because of the pain caused by his injury. He further testified that he has driven a taxi since that time. He stated he has pain on climbing stairs and is unable to do any heavy lifting or heavy manual labor.

A physician for claimant in substance established by competent evidence that claimant has a permanent partial disability due to a herniated lumbar intervertebral disc; that by reason thereof he has a permanent partial disability of 25% to the body as a whole; that this is due to the accidental injury sustained by claimant on May 24, 1954.

Petitioner cites De Shazer v. Nail, 207 Okl. 446, 250 P.2d 456. That case is readily distinguishable from the case under consideration. There was no testimony by any expert witness as to the cause of disability in De Shazer v. Nail, supra.

The cases applicable are Stillwater Milling Co. v. Mott, 200 Okl. 562, 197 P.2d 966; Knotts Bakery v. Freudenthaler, 188 Okl. 321, 108 P.2d 540; Choctaw County v. Bateman, 208 Okl. 16, 252 P.2d 465; Liberty Glass Co. v. Harlin, Okl., 265 P.2d 1096; Liberty Glass Co. v. Guinn, Okl., 265 P.2d 493; Calhoun Const. Co. v. Sexton, Okl., 288 P.2d 705.

Petitioner does not deny there is competent testimony in the record to support

the finding but argues that the testimony preponderates in favor of the petitioner.

In Standard Roofing & Material Co. v. Mosley, 176. Okl. 517, 56 P.2d 847, we said:

"The State Industrial Commission is at liberty to refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence, nor is it required to give credence to the greater amount of evidence as against the lesser."

There is competent evidence reasonably tending to support the finding of the State Industrial Commission.

Award sustained.