Jim Willis CARPENTER, Petitioner,

v.

DOUGLAS AIRCRAFT COMPANY, Inc.,
Industrial Indemnity Company, and the
State Industrial Court of State of Oklahoma, Respondents.

No. 41868.

Supreme Court of Oklahoma.

Nov. 1, 1966.

Elder & Scott, Tulsa, for petitioner.

Sanders, McElroy & Whitten, Tulsa, Charles Nesbitt, Atty. Gen., Oklahoma City, for respondents.

DAVISON, Justice.

Jim Willis Carpenter filed in the State Industrial Court his claim for compensation on October 1, 1965, and he will hereinafter be referred to as claimant. Claimant asserted he sustained an accidental personal injury while employed by the respondent, Douglas Aircraft Company, Inc., in a pursuit within the purview of the Workmen's Compensation Laws. The respondent, and the insurer of the respondent, Industrial Indemnity Company, filed on October 20, 1965, an answer by general denial admitting only that the employer-employee relationship existed, and that the employment was hazardous and within the provisions of 85 O.S.1961, § 1 et seq.; that the claimant earned salary sufficient to entitle him to maximum rate of compensation; that the claimant reported the injury to the employer and was furnished medical treatment and was paid temporary total disability compensation by the insurer for the respondent.

The cause was tried before a trial judge and an order was made on December 6, 1965, for temporary total disability, part of which has been paid, and an award of 50 weeks of compensation at the rate of $37.50 per week based upon the finding of a ten percent permanent partial disability to the body as a whole.

Upon due notice the respondents invoked the appellate jurisdiction of the State Industrial Court sitting en banc, and

upon review, the award of the trial judge was, by order dated January 27, 1966, vacated, and the claim for compensation denied, for the reason the medical evidence adduced by the claimant was not sufficient to support an award.

Counsel for the claimant, by motion duly verified and filed before this court on March 10, 1966, has asserted that at the close of oral argument on appeal to the State Industrial Court en banc he sought to have the cause remanded to the trial judge for additional testimony. The record is silent concerning the disposition of that motion although such motion was pending before the court en banc prior to the final order on appeal adjudicating the claim as one denied.

■ Before the trial judge the testimony of the claimant concerning the injury was to the effect that in an effort to remove a fuel tank, or cell, from an aircraft described as a B–52, he sprained his neck; that he at the time of injury had placed his head and neck in the tank and exerted pressure with his head and neck to dislodge the tank. The medical testimony of the claimant's medical witness was admitted as a report by Dr. H, who in the said report recounted the symptoms given him by claimant, the medical examination made and the treatment prescribed and followed. The medical witness then expressed an opinion regarding the claimant's disability, but the medical testimony of Dr. H does not fix as the cause of claimant's disability any accident of any nature at any place. Such an omission, if unremedied, is fatal to the cause of the claimant.

■ The burden of proof in workmen compensation proceedings rests primarily on the claimant, who must establish that the injury was accidental and arose out of and in the course of the employment. This burden the claimant here failed to fully sustain before the trial tribunal as the consequence of oversight.

■ The pattern of proof necessary to establish an accidental injury from work connected strain consists of two essential elements: the lay testimony as to the nature of the work performed by the claimant at the time of injury and the expert medical opinion that the exertion attendant upon such activity as shown by the evidence was sufficient in degree to produce, and did produce, the strain to which disability is sought to be ascribed. Berryhill v. Prudential Premium Company of Oklahoma, Okl., 394 P.2d 520.

The claimant prior to the time of the final order of the court en banc vacating the award of the trial judge and at the close of oral argument sought by timely motion to have the cause remanded to the trial judge for the purpose of supplying the evidence omitted by the medical witness appearing for the claimant. Such reopening was by the trial tribunal neither granted nor refused, and remained undisposed of upon determination.

■ Under 85 O.S.1961, § 27, the trial court is bound to presume at the outset that an asserted claim comes within the provisions of the Workmen's Compensation Laws. Such presumption may be met and overcome by evidence to the contrary. However, such presumption is not overcome by inadvertent omission by the claimant of a facet of proof, and, in the interest of justice, the claimant, under the circumstances here prevailing at the trial, ought to have been permitted to have his cause remanded to the trial judge for the purpose of supplying the omission resulting from pure oversight, particularly where there has been no denial of liability on the part of the respondent, who seeks to prevail not upon any affirmative defense but upon the inadvertent and accidental oversight by the claimant to fully supply such expert testimony, hearsay in its nature but technically required under an exception to the rule, as a basis for attribution by expert testimony of disability to an injury reported by the claimant to his medical witness. Rider v. Bob Hiner Service Station, Okl., 321 P.2d 378.

■ The failure of the State Industrial Court en banc to, in the circumstances here

existing, remand the cause to the trial judge for further evidence constitutes an abuse of discretion. Board of County Commissioners, Roger Mills County v. Sims, Okl., 297 P.2d 393; De Shazer v. Nail, 207 Okl. 446, 250 P.2d 456; 1800 Restaurant, Inc. v. Gossett, Okl., 262 P.2d 437.

It is apparent that claimant's failure to establish by proper medical testimony that his injury and resulting disability was caused by the accident alleged was due to an oversight. He should, therefore, in the interest of justice, be given an opportunity to reopen the case for the purpose of presenting any evidence he may have to supply such omission.

The cause is reversed and remanded to the State Industrial Court with directions to conduct further proceedings in accord with the views herein expressed.

HALLEY, C. J., JACKSON, V. C. J., and WILLIAMS, BLACKBIRD, IRWIN, BERRY and HODGES, JJ., concur.