2000 OK 20

Robert Irvin CLAYTON, Petitioner,

v.

FLEMING COMPANIES, INC., Cigna Insurance Company and The Workers' Compensation Court, Respondents.

No. 90,840.

Supreme Court of Oklahoma.

March 21, 2000.

Rex Brooks, Oklahoma City, Oklahoma, for petitioner.

John A. McCaleb, R. Dale Kimsey, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, Oklahoma, for respondents.

BOUDREAU, Justice.

¶ 1 Two questions are presented on certiorari: (1) Was the trial judge's order denying the claim sufficiently definite and certain to allow for meaningful judicial review, and (2) Did the Court of Civil Appeals exceed its authority by mandating a procedure to be followed in all future "cases of this specific nature"? We answer both questions in the affirmative. Accordingly, we vacate the opinion of the Court of Civil Appeals, Division 4, and sustain the trial judge's November 6, 1997 order, affirmed by a three-judge panel of the Workers' Compensation Court.

## I.

### FACTUAL BACKGROUND

¶ 2 Robert Irvin Clayton (claimant) filed a Form 3 in the Workers' Compensation Court (WCC) alleging that he sustained an accidental, work-related injury to his low back on May 1, 1997. Fleming Companies, Inc. (employer) filed a Form 10 denying that claimant sustained an accidental injury arising out of and in the course of his employment. The trial court conducted an evidentiary hearing

on claimant's request for temporary disability benefits and medical expenses.

¶ 3 At the hearing, claimant testified regarding the alleged accidental injury he sustained on May 1, 1997. According to claimant, he was moving computer equipment to a three-level production control display station for employer. The job required claimant to lift the computer monitors to the overhead level and connect the computer cables beneath the lowest level. More than four hours into the job, while claimant was crawling under the display station to connect the cables, he felt a burning pain in his back. At that point, claimant took a break and went to the parking lot to have a cup of coffee and a cigarette in his truck. As he exited his truck, claimant felt a pop and a burning pain in his back. Although his back was hurting, claimant continued working until the computers were reinstalled, and then he was permitted to leave work early. The next day he experienced severe pain in his back and secured medication from his family physician. Claimant did not return to work, and about a week later, he reported the injury to the director of his department. Employer placed claimant on short-term disability leave.

¶ 4 In support of his claim, claimant also offered a letter and a report from the surgeon who operated on his back in 1992.[1] The letter advised that claimant experienced a reasonable recovery from a 1990 injury and subsequent 1992 surgery. The letter also indicated that on May 1, 1997, claimant suffered a new injury, an aggravation of a preexisting condition. The medical report advised that claimant was unable to return to work and that a myelogram and CT scan should be performed to look at the operative site.

¶ 5 Employer denied that claimant sustained a new injury on May 1, 1997. Instead, employer argued at the hearing that claimant suffered a worsening of his 1990 injury and contended that claimant should have filed a motion to reopen the adjudication of the 1990

injury against his former employer. In support of its position, employer submitted a report by its medical expert advising that claimant's back injury was a temporary aggravation causally related to his 1990 injury and that a CT myelogram would be an acceptable diagnostic procedure to assess claimant's injury.

¶ 6 After hearing the evidence on claimant's request for temporary total compensation and medical expenses, the trial judge denied the claim.

The order denying the claim, found and ordered:

–1.–

THAT claimant did not sustain an accidental personal injury arising out of and in the course of claimant's employment with the above named respondent, as alleged in the claim for compensation filed herein.

–2.–

THAT it is therefore ordered that claimant's claim for compensation be and the same hereby is denied.

¶ 7 Claimant timely requested three-judge panel review. In his request, claimant contended that the decision of the trial court should be modified to reflect that he suffered a new accidental personal injury arising out of and in the course of employment or in the alternative that he suffered a worsening of his adjudicated 1990 back injury. The three-judge panel determined that the trial judge's order was not against the clear weight of the evidence nor contrary to law, affirmed the order, and denied claimant's motion to open his case in chief.

¶ 8 Claimant timely initiated this review proceeding. In his brief in chief, claimant complained that the trial judge failed to specifically find whether his temporary total disability and need for medical expenses resulted from the 1990 back injury or the 1997

1. Claimant sustained a compensable back injury on December 11, 1990, while working for Scrivner, the predecessor of Fleming. The injury necessitated surgical procedures in April of 1992. He had a L4–5 discectomy and a fusion from L4 to S1 utilizing segmental stabilizing hardware. By order entered April 18, 1994, in Claim No. 91–17890–X, claimant's permanent disability resulting from the 1990 back injury was adjudicated at 40% to the body as a whole.

back injury. In its answer brief, employer countered that the order of the trial court denying the claim was proper and supported by competent evidence.

¶ 9 Relying on *Benning v. Pennwell Publishing Co.,* 1994 OK 113, 885 P.2d 652, the Court of Civil Appeals reversed the trial judge's order for lack of decretal specificity. In reversing the WCC, the Court of Civil Appeals determined that the trial judge should have entered more explicit findings as to "whether there was or was not a new disability and/or need for medical treatment, and, if so, whether it was caused by a new work-related injury or change of condition of a previously adjudicated injury".

¶ 10 In addition, the Court of Civil Appeals opinion set forth a procedure to be followed whenever an employer resists a claim by contending that the injury was incurred during other employment or is the result of a change of condition for the worse of a previously adjudicated injury for which another employer is liable. The procedure set forth in the opinion requires the trial judge to "(1) direct that an alternative claim(s)—or motion(s) to reopen for change of condition—be filed against all other potentially liable employer(s)/insurer(s), and (2) order the claims consolidated for trial disposition, including any appeal to a three-judge panel."

## II.

### THE TRIAL JUDGE'S ORDER IS SUFFICIENTLY DEFINITE AND CERTAIN TO ALLOW FOR MEANINGFUL JUDICIAL REVIEW.

■■■ ¶ 11 On certiorari, employer attacks the Court of Civil Appeals' finding that the trial judge's order was too indefinite and uncertain for meaningful judicial review.[2] This is a question of law reviewable by a *de novo* standard without deference to the courts below. *Neil Acquisition v. Wingrod*

**2.** Employer asserts that whether the trial judge's order is too vague was not before the Court of Civil Appeals because claimant did not raise the issue in his petition for review. Claimant's brief in chief argued the "indefinite and uncertain" principle, with authorities, in Proposition III and thus, preserved the issue. Supreme Court Rules, Rule 1.103, 12 O.S.Supp.1999, ch. 15, app. pro-

*Investment Corp.,* 1996 OK 125, 932 P.2d 1100.

■■■ ¶ 12 On certiorari, employer contends that the only issue before the trial judge was whether claimant sustained a new and separate injury on May 1, 1997. Employer argues that its assertion at trial that claimant's back condition is related to the 1990 injury is not an affirmative defense that must be pleaded under 85 O.S.1991, § 11, thus, whether claimant suffered a change of condition was not an issue to be decided. In essence, employer contends that issues of fact in compensation cases are framed by the pleadings. This contention is without merit. Fact issues in workers' compensation cases are formed by the evidence. *Benning v. Pennwell Publishing Co., supra.*

■■■ ¶ 13 Settled law requires the WCC to determine the value of conflicting evidence and resolve the fact issues and to enter an order that is sufficiently definite to enable the appellate courts to review it intelligently. *Leffler v. McPherson Brothers Transport,* 1964 OK 225, 396 P.2d 491; *Bray v. State Industrial Court,* 1964 OK 70, 393 P.2d 232. In this regard, the Workers Compensation Court is required to make specific findings of the ultimate facts responsive to the issues formed by the evidence upon which an award or denial is based. *Benning v. Pennwell Publishing Co., supra.* When specific findings resolving the factual issues are not entered and the trial judge's resolution of a factual issue cannot be comprehended from an award or denial of a claim, the appellate courts will not hypothesize about the evidence upon which the trial judge may have relied. *Benning v. Pennwell Publishing Co.,* 885 P.2d at 655; *Brookshire v. Knippers Plumbing Co.,* 1964 OK 67, 390 P.2d 887. Such an order is too indefinite and uncertain to allow for meaningful judicial review and will be vacated. *Id.*

vides that a petition for review shall be deemed amended to include errors set forth in the propositions in the brief-in-chief. Further, the correct legal theory will be applied in a compensation case even if an aggrieved party's brief advanced a different theory. *Reynolds v. Special Indemnity Fund,* 1986 OK 64, 725 P.2d 1265.

¶ 14 The appellate record reveals that a singular factual issue was formed by the evidence, i.e., whether claimant's present physical difficulties with his lumbar spine were caused by a new injury or a worsening of a previously adjudicated injury. Claimant alleged that his back condition was the result of a new injury that occurred on May 1, 1997, and submitted medical evidence in which his surgeon stated: "It is my opinion that his recent complaints are actually a new injury to an already pre-existing condition." Employer responded that the claimant's back condition was a result of the 1990 injury and submitted medical evidence that claimant's back injury was causally related to the 1990 injury. The summary of the employer's medical expert stated:

It is, therefore, my opinion as stated I do not believe Mr. Clayton has sustained a new injury that has occurred while in the employ of Fleming Foods on or about May 29, 1997. I *believe the difficulties he has experienced with his lumbar spine are causally related to the prior injury of December 11, 1990.*

(Emphasis added.)

¶ 15 Although the trial judge's November 6, 1997 order did not expressly answer the singular factual issue formed by the evidence, we need not remand this cause for more specific findings. Implicit in the denial of the claim is the trial judge's finding that claimant's back injury resulted from a worsening of the previously adjudicated 1990 injury. *Lanman v. Oklahoma County Sheriff's Office*, 1998 OK 37, ¶ 10, 958 P.2d 795, 800; *Kinser v. Western Sands, Inc.*, 1969 OK 80, ¶ 7, 454 P.2d 305, 307.

---

3. In this case, employer's position at trial was that claimant's back problems were a worsening of his adjudicated 1990 injury for which another employer, Scrivner, was liable. However, in its answer brief filed in this Court, employer asserted that "the Claimant's current employer, Fleming, is essentially a substitute for Scrivner, [but that] the insurance carrier for the 1990 injury is different." In other words, employer admitted that this case does not involve the potential liability of an absent employer. *Wright v. Grove Sun Newspaper Co., Inc.*, 1994 OK 37, 873 P.2d 983 (Admissions in appellate brief constitutes a supplement to the appellate record.).

¶ 16 Accordingly, we hold that the trial judge's November 6, 1997 order is sufficiently definite and certain to allow for meaningful judicial review. The order is supported by competent evidence and will be sustained. *Carpenter v. Douglas Aircraft Co.*, 1966 OK 218, 420 P.2d 911, 912 syl. 2, (Whether a claimant sustained a new injury or a change of condition of a prior injury is a question of fact to be decided by the WCC and the decision will not be disturbed if it is supported by competent evidence.)

## III.

## THE COURT OF CIVIL APPEALS EXCEEDED ITS AUTHORITY IN MANDATING A PROCEDURE TO BE FOLLOWED IN ALL FUTURE "CASES OF THIS SPECIFIC NATURE."

¶ 17 At the conclusion of its opinion, the Court of Civil Appeals expressed a concern that similarly-situated claimants will be faced with piecemeal loss of their claims by being forced to take inconsistent positions in separate cases relating to the causation of a work-related injury. Accordingly, the Court of Civil Appeals fashioned a procedure to be followed "in cases of this specific nature", i.e., cases where an employer resists an accidental injury claim by contending that the injury was incurred during other employment or resulted from a worsening of a previously adjudicated injury for which another employer is liable.[3] The procedure outlined by the Court of Civil Appeals requires the trial court to 1) direct the claimant to file alternative claims or motions to reopen against all potentially liable employers and 2) order the cases consolidated for trial.

Further, after trial but before the panel affirmed the trial judge's order under review, claimant filed a motion to reopen the earlier case No. 91-17890-X and to substitute Fleming as respondent in lieu of Scrivner, pursuant to 85 O.S.1991, § 28. By order dated December 9, 1997, the style of Claim No. 91-17890-X was changed to show Fleming Companies Incorporated as the employer and National Union Fire Insurance as the insurance carrier. Fleming, as the substituted employer, denied that claimant's back condition is a worsening of the 1990 injury.

¶ 18 We are mindful of the Court of Civil Appeals' concerns about fairness in situations similar to the one presented here. However, the Court of Civil Appeals exceeded its authority in fashioning the procedure it did. The authority to adopt reasonable rules of procedure for effecting the purposes of the Workers' Compensation Act is statutorily vested in the Workers' Compensation Court. 85 O.S.Supp.1999, § 1.2(E).[4] Once adopted, the rules are submitted to this Court for approval.[5] The Court of Civil Appeals lacks authority to adopt procedural rules to govern the Workers' Compensation Court.

¶ 19 The procedure fashioned by the Court of Civil Appeals went beyond merely establishing new rules. The second requirement imposed upon trial judges in the opinion effectively amends Rule 27 governing consolidation of cases.[6] Rule 27(B) provides the trial judge with discretion to consolidate cases for hearing involving the same claimant upon the request of either party. The second requirement fashioned by the Court of Civil Appeals removes this discretion by requiring the judge to consolidate cases for hearing involving the same claimant, even in the absence of a request from a party.[7] Lacking authority to adopt procedural rules to govern the WCC, the Court of Civil Appeals clearly lacks the power to amend existing rules.

4. The pertinent provisions of § 1.2(E) were in effect throughout this proceeding. This opinion cites the most recent 1999 codification of applicable statutes and procedural rules unless the pertinent provisions have been amended and a prior version is controlling herein.

5. Notice and public hearing are prerequisites to the adoption of rules by the Workers' Compensation Court. Adopted rules, upon approval by this Court, are published and made available to the public. 85 O.S.Supp.1999, § 1.2(E).

6. Rule 27, Rules of the Workers' Compensation Court, 85 O.S.Supp.1999, ch. 4, app. Rule 27(B) provides:

B. *Consolidation of cases involving the same claimant may be made for hearing purposes only at the discretion of the trial judge assigned to the lowest case number, upon request of either party.* Cases consolidated for purposes of hearing only shall maintain individual case numbers and shall remain subject to a separate filing fee and costs as set out in 85 O.S., Section 93 and Rule 36. Cases involving the same claim shall be consolidated to the lowest case number. All motions and requests to consolidate shall be set for prehearing conference prior to entry of a Court order sustaining or overruling the motion for case consolidation.
(Emphasis added.)

## IV.

## THE THREE–JUDGE PANEL'S OVERRULING OF CLAIMANT'S MOTION TO REOPEN HIS CASE IN CHIEF WAS NOT REVERSIBLE ERROR.

¶ 20 The Court of Civil Appeals did not consider claimant's preserved and briefed error in the three-judge panel's overruling of his motion to reopen his case in chief. Hence, we will decide the issue.[8]

¶ 21 By his motion to reopen his case in chief, claimant sought to introduce a medical record that he had requested two months before the hearing on temporary benefits and medical expenses, but had not received until three days after the hearing. The medical record, a clinical note prepared by his family physician dated June 24, 1997, noted that claimant did not want his back injury reported for purposes of workers' compensation.

¶ 22 In his brief in chief, claimant argued that the three-judge panel should have granted his motion to reopen the evidentiary record to provide him with an opportunity to present evidence that was omitted at the trial. He correctly contended that it is the duty of the WCC to grant a full and complete hearing to the parties before mak-

7. While the Court of Civil Appeals opinion suggests these procedures must be observed to assure fundamental fairness and due process, the opinion does not find that discretionary consolidation allowed in Rule 27 is constitutionally infirmed. In fact the opinion does not reference Rule 27 at all. Further, we find nothing in the appellate record that would support a finding that the consolidation provisions of Rule 27 are unconstitutional.

8. Where the Court of Civil Appeals fails to decide an issue raised and briefed by the party prevailing on appeal, this Court, on certiorari, will decide the issue or it will be remanded for consideration by the Court of Civil Appeals. Rule 1.180(b), Rules of the Supreme Court, 12 O.S.Supp.1999, ch. 15, app. and *Hough v. Leonard*, 1993 OK 112, 867 P.2d 438.

ing or denying an award. *Independent School District No. 1 of Tulsa County v. Albus*, 1977 OK 241, 572 P.2d 554; *Carpenter v. Douglas Aircraft Co.*, 1966 OK 218, 420 P.2d 911. In defense of the panel order, employer argued that claimant failed to comply with Rule 18A, Rules of the Workers' Compensation Court, 85 O.S.Supp.1999, ch. 4, app.[9]

¶ 23 While the record reveals that claimant did not comply with Rule 18A, we decline to rest our decision on that basis. Rather, we conclude that the panel order overruling the motion to reopen was not prejudicial to claimant because the medical note referred to in his motion to reopen his case in chief was not relevant to the singular fact issue formed by the medical evidence admitted at the hearing, i.e., whether claimant's present physical difficulties with his lumbar spine were caused by a new injury or a worsening of a previously adjudicated injury. Accordingly, if the panel erred in overruling claimant's motion to reopen his case in chief, it was not reversible error.

## V.

## SUMMARY

¶ 24 In summary, we find that the trial judge's November 6, 1997 order denying the claim, affirmed by a three-judge panel of the Workers' Compensation Court, is sufficiently definite and certain to allow for meaningful judicial review and that it is supported by competent evidence. We also find that the Court of Civil Appeals exceeded its authority in mandating a procedure to be followed by the Workers' Compensation Court in all future cases where an employer resists an accidental injury claim by contending that the injury was incurred during other employment or resulted from a worsening of a previously adjudicated injury for which another employer is liable. We further find that the panel order overruling claimant's motion to reopen his case in chief was not reversible error.

9. Rule 18A requires any party who is unable to submit the case on the date of trial to so advise

CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF CIVIL APPEALS, DIVISION 4, IS VACATED; ORDER OF THE JUDGE OF THE WORKERS' COMPENSATION COURT DENYING THE CLAIM AND ORDER OF THE THREE–JUDGE PANEL AFFIRMING THE TRIAL JUDGE'S ORDER ARE SUSTAINED.

SUMMERS, C.J., HARGRAVE, V.C.J., and HODGES, LAVENDER, WATT, and WINCHESTER, JJ., concur.

KAUGER, J., concurs in result.

OPALA, J., concurs in part and dissents in part.

the assigned judge prior to the commencement of the trial.